**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

AMIR M. HAMZA,

                                      Plaintiff,

           - v -                                                Civ. No. 1:19-CV-447
                                                                         (LEK/DJS)

EILEEN YANDIK, STEPHEN YANDIK, and
GREEN ACRES FARM,

                                      Defendants.
_____

**APPEARANCES:**                                    **OF COUNSEL:**

AMIR M. HAMZA
Plaintiff *Pro Se*
P.O. Box 281
Philmont, New York 12565

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

      Plaintiff Amir Hamza originally filed his Complaint in this action on April 15, 2019. Dkt. No. 1. Pursuant to 28 U.S.C. § 1915(e), this Court reviewed the sufficiency of the Complaint and issued a Report-Recommendation recommending that the Complaint be dismissed with leave to amend. Dkt. No. 6. Plaintiff did not file objections to the Report-Recommendation, but instead filed an Amended Complaint. Dkt. No. 9, Am. Compl. The District Court has referred the Amended Complaint to the undersigned for review under section 1915(e). Dkt. No. 10. For the reasons set forth

below, the Court again recommends that the Amended Complaint be dismissed, but that Plaintiff be afforded one final opportunity to further amend his Complaint.

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action. Generally, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (other citations omitted)). Rule 8 also provides that a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." FED. R. CIV. P. 8(a)(1).

2

> Rule 10 of the Federal Rules of Civil Procedure provides, in part:
>
> (b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1323 at 735 (1990)). A complaint that fails to comply with these Rules presents too heavy a burden for the defendant in shaping a comprehensive defense, provides no meaningful basis for a court to assess the sufficiency of a plaintiff's claims, and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only

3

"tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

At the outset the Court notes that the Amended Complaint contends that the Court has jurisdiction under the diversity statute, 28 U.S.C. § 1332, and affirmatively alleges that he is a "resident of Dover, Delaware." Am. Compl. at p. 1.[1] Defendants are alleged to be residents of New York. *Id*. Plaintiff's other filings with the Court, however, list his address as Philmont, New York. Dkt. Nos. 2, 3, & 8. The proposed summonses provided by Plaintiff seek to have Defendants respond to the Complaint to Plaintiff at his New York address. Dkt. Nos. 2-1, 2-2, & 2-3. In addition, just a few weeks prior to filing this action, Plaintiff filed a federal civil action in the District of New Jersey where he affirmatively alleged his address to be the same Philmont, New York address listed in filings made in this Court. *Hamza v. United Continental Holdings, LLC, et al,* 19-CV-8971 (D. N.J.), Dkt. No. 1. In light of these facts, "*the allegations in the complaint with respect to the plaintiff['s] place[] of residence are insufficient to establish diversity jurisdiction.*" *Mackason v. Diamond Fin. LLC*, 347 F. Supp. 2d 53, 55 (S.D.N.Y. 2004)

---

[1] References to page numbers are to the page numbers assigned by the Court's CM/ECF system.

(emphasis added).  It is thus quite unclear to the Court that complete diversity necessary to confer jurisdiction under section 1332 exists in this case.  *See Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 725 (2d Cir. 2017) (jurisdiction under section 1332 requires "complete diversity.").  It may be, however, that a properly pled complaint could establish jurisdiction under 28 U.S.C. § 1331, federal question jurisdiction.  But, for the following reasons, the Amended Complaint fails to comply with basic pleading requirements.

The Amended Complaint is significantly more streamlined than the original pleading which totaled over 138 pages.  It omits many of the very intimate details of Plaintiff's life and personal relationships that were included in the original Complaint.  *See generally* Am. Compl.  It continues, however, to be deficient in terms of providing specific and adequate notice of the claims Plaintiff attempts to assert in this action.  It repeats the sweeping allegations of the original Complaint against the named Defendants including, but not limited to the failure to maintain proper financial and tax records, failure to comply with state workers' compensation laws, coercion, threats, and harassment of employees, discrimination based on race, religion, and sexual orientation, unlawful business recordkeeping, unlawful campaign contributions, and violations of New York State firearms laws.  *See generally id.*  Many of these allegations, however, do not relate directly to Plaintiff in any way.  As such, the Amended Complaint fails to meet the requirements under Rule 8 for "a short and plain statement of the claim showing

5

that the pleader is entitled to relief." Plaintiff does not allege specific legal causes of action, tied to particular facts supporting those claims.

As currently set forth the allegations fail to provide adequate notice regarding the legal claims Plaintiff seeks to assert against Defendants or the facts underlying those claims. By way of example, it now appears that Plaintiff seeks to assert claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Am. Compl. at p. 12.

> A plaintiff asserting a RICO violation must adequately plead "(1) the defendant's violation of [18 U.S.C.] § 1962, (2) an injury to plaintiff's business or property, and (3) the causation of the injury by the defendant's violation." To adequately plead the causation element of a RICO claim, the plaintiff must allege that the defendant's conduct was the "legal, or proximate, cause of [his] injury, as well as the logical, or but for, cause."

*Stancuna v. New Haven Legal Assistance Inc.*, 383 Fed. Appx. 23, 24 (2d Cir. 2010) (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 283 (2d Cir. 2006) (alterations in original)). The Amended Complaint contains a list of federal statutes Plaintiff alleges that the Defendants have violated as a part of a RICO conspiracy. *See* Am. Compl. at p. 12. The Amended Complaint, however, fails to specifically demonstrate as to many of those statutes how the alleged actions were the legal or proximate cause of any injury to Plaintiff. For example, Plaintiff alleges that some or all of the Defendants failed to properly pay taxes and falsely advertised the origin of products for sale. *Id.* No facts are alleged nor any explanation offered, however, as to how these actions, if true, harmed Plaintiff. He does make more specific allegations as to other alleged RICO predicate

6

offenses, but the lack of clarity and conclusory nature of the allegations fails to provide "fair notice" to Defendants about the nature of the claim being asserted against them. *Hudson v. Artuz*, 1998 WL 832708, at *1.

There are additional allegations set forth in the Amended Complaint that are unclear as to precisely what claims Plaintiff seeks to pursue here. Plaintiff, for example, refers several times to official positions held by Defendants Eileen and William Yandik, *see, e.g.*, Am. Compl. at pp. 3 & 6, which might provide a basis for claims under 42 U.S.C. § 1983. Plaintiff, however, offers nothing more than conclusory allegations and does not identify specific constitutional rights that he alleges Defendants have infringed. Additionally, Plaintiff appears to make a number of allegations that certain Defendants are engaged in criminal activity, s*ee, e.g.*, Am. Compl. at pp. 5 & 6, but does not demonstrate on what basis such allegations are actionable. *See Ruston v. World Wrestling Entm't*, 2008 WL 824217, at *3 (D. Conn. Mar. 25, 2008) (citing cases) (raising questions as to whether a private party has standing to raise such claims).

As a result, it is unclear precisely what legal right or rights of Plaintiff have been violated or how these Defendants, in particular, may have violated those rights. This failure warrants dismissal of the Complaint. *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (Dismissal appropriate when Complaint "does not provide an adequate description of the particular acts by the defendant which led to this suit or an explanation of how such acts were illegal.").

7

Courts recognize that dismissal of a complaint filed by a *pro se* litigant "without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated'" would be inappropriate. *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). Here, Plaintiff may be able to cure the deficiencies in his pleading and so it is recommended that Plaintiff be granted leave to amend to do so.

Should Plaintiff be directed by the District Judge to file a further amended complaint, I offer the following guidance. Any such amended complaint, which shall supersede and replace in its entirety the previous Complaints filed by Plaintiff, must contain a caption that clearly identifies, by name, each individual/entity that Plaintiff is suing in the present lawsuit and must bear the case number assigned to this action. Plaintiff must also clearly state the nature of the suit and the basis for this Court's jurisdiction. The body of Plaintiff's second amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. Thus, if Plaintiff claims that his civil and/or constitutional rights were violated by more than one Defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in

such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

**ACCORDINGLY**, it is hereby

**RECOMMENDED**, that this action be *sua sponte* dismissed, but that Plaintiff be granted leave to replead his Complaint; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[2] within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: June 27, 2019
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).